# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JOHNNY TIPPINS,

    *Plaintiff*,                                    CASE NO. 1:16-CV-10140-TLL-PTM

*v*.

NWI-1, INC, LEPETOMANE, II,        DISTRICT JUDGE THOMAS L. LUDINGTON
INC., LEPETOMANE III, INC,          MAGISTRATE JUDGE PATRICIA T. MORRIS
VELSICOL CHEMICAL,
INC., and FRUIT OF THE LOOM,
INC.,

    *Defendants*.
_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT LEPETOMANE II, LEPETOMANE III, AND NWI-1, INC.'S MOTION TO DISMISS, DEFENDANT VELSICOL CHEMICAL, LLC'S MOTION TO DISMISS, DEFENDANT FRUIT OF THE LOOM'S MOTION TO DISMISS, PLAINTIFF'S MOTION FOR REMAND, AND PLAINTIFF'S MOTION FOR DISCOVERY OF MEDICAL RECORDS
(Docs. 4, 12, 15, 17, and 18)

## I. Background

The *pro se* Complaint in this matter was removed from the Gratiot County, Michigan Circuit Court to this United States District Court on January 15, 2016. (Doc. 1.) Plaintiff alleges that he has suffered injuries as a result of drinking contaminated water while incarcerated in a state prison in St. Louis, Michigan from 2004 to 2007.

For the reasons below, I recommend **GRANTING** all of the Defendant's motions to dismiss (Docs. 4, 12, 15) and **DENYING** Plaintiff's motions for remand and for discovery of medical records. (Docs. 17, 18.)

The Complaint in this matter was filed in state court on October 23, 2015. (Doc. 1 at ID 2.) The Complaint alleges causes of action based on the Michigan Natural Resources Environmental Protection Act ("NREPA"), common law nuisance, common law trespass, negligence, and declaratory relief, all caused by contamination of the local drinking water arising from Velsicol Chemical Inc. operations in St. Louis, Michigan. (*Id.*) Plaintiff contends that the contaminated drinking water caused him stomach pain, headaches, throat pain, nausea, and fatigue. (Doc. 1 at ID 23.)

The basis for removal was 28 U.S.C. §§ 1334(b), 1452(a) because the Complaint alleges claims that relate to and therefore constitute a core bankruptcy proceeding, i.e., *In re Fruit of the Loom, Inc.*, No. 99-04497(PJW) (Bankr. D. Del. 2010). (Doc. 1 at ID 2-3.) Alternatively, Defendants removed under 28 U.S.C. § 1442(a) because the Complaint alleges claims against a person acting under color of a federal officer or agency. (*Id.*)

Yet another case was filed by the City of St. Louis, Michigan against the same defendants as the instant case, *City of St. Louis v. Velsicol Chemical Corp.*, No. 07-13683-BC, Not. of Removal ECF No. 1 (E.D. Mich. Aug. 31, 2007). The instant complaint reiterates substantially similar claims alleged by the City of St. Louis in its action. (Doc. 1 at ID 4.)

In addition, Plaintiff filed a previous lawsuit in this court alleging Eighth Amendment violations based on the same facts, i.e., contaminated drinking water while

incarcerated in St. Louis, Michigan between 2004 and 2007, and alleging the same injuries under 42 U.S.C. § 1983. *Tippins v. Caruso*, No. 2:14-cv-10956, 2015 WL 5954800 (E.D. Mich. Oct. 14, 2015) (adopting report and recommendation recommending dismissal because plaintiff's claims were barred by the statute of limitations).

Plaintiff argues that removal is improper under the bankruptcy removal statute, 28 U.S.C. § 1452(a) because his claims of bodily injury are unrelated to the bankruptcy proceedings. (Doc. 17 at ID 410-11.) Plaintiff does not address whether removal is appropriate under the federal officer removal statute § 1442(a). Thus since I suggest that the court has subject matter jurisdiction under § 1442(a) I need not address the arguments regarding § 1452(a).

Two of the Defendants argue one common ground for dismissal: that Plaintiff's claims are barred by the relevant limitation period of three years. (Doc. 4 at ID 212-14, Doc. 12 at ID 362-66.) Although Fruit of the Loom Inc. argues that it is not a party and that service of process was not properly made on it, the limitation argument applies equally to it. (Doc. 15.) Since I suggest this ground is case dispositive, I will address it first and need not address the other possibilities that might also support the same result.

**II.  Motion to Remand Standards**

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts

3

have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

### III. Law & Analysis of Motion to Remand

The federal officer removal statute, 28 U.S.C. § 1442(a)(1) permits a private party to remove a state court action if (1) the party acted under the direction of a federal officer or agency; (2) the party has a colorable federal defense; and (3) there is a causal connection between the federal direction and the conduct in question. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

Other than a brief statement that Defendant "failed to present a colorful federal defense . . . [because] [t]here was no explanation given," (Doc. 17 at ID 413) Plaintiff does not contest the propriety of removal under § 1442(a). Thus I suggest that Plaintiff has waived any argument that removal is improper under 28 U.S.C. § 1442(a)(1), and the court has subject matter jurisdiction over this matter. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.")

### IV. Motion to Dismiss Standards

Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). Such a motion tests the sufficiency of the complaint and will be granted if the plaintiff has failed "to state a claim upon which relief can be granted." "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Because the dismissal standard scrutinizes the pleadings, the Federal Rules limit courts' consideration of extraneous materials at this stage. Rule 12(d) provides the operative language: "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, the court can consider certain

5

materials without converting the case. These include, among others, documents defendants attach to the motion to dismiss "'if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc.'s Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Also, "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). This includes judicial opinions and court filings in other cases. *See, e.g.*, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 & n.7 (3d Cir. 1999).

## V. Law & Analysis of Motion to Dismiss

Federal courts apply state statutes of limitations to state law claims brought in federal court. Under Michigan law, claims brought to recover damages for injuries to persons or property must be commenced within three years after the time of injury. Mich. Comp. Laws § 600.5805(10). Since all of Plaintiff's causes of action sound in personal injury, his claims are subject to the three year limitation period. In addition, assuming, *arguendo*, that Plaintiff has standing to bring a claim under the Michigan's NREPA, the limitation period for actions for civil fines under the Act must also be filed within three years after the discovery of the violation. Mich. Comp. Laws § 324.20140(1)(c).

In the instant case, Plaintiff's last exposure to the alleged contaminated water occurred in 2007. His complaint filed in this case in 2015 is far outside that time limit.

Plaintiff contends that a renewed motion for class certification filed on March 11, 2013, and denied on October 25, 2013 in another case, *Rouse v. Caruso*, No. 2:06-cv-10961, 2013 WL 569638, (E.D. Mich. Feb. 13, 2013), tolls or restarts the limitation period clock to save Plaintiff's claims.[1] This argument is unavailing.

When the court in *Rouse* rejected Plaintiff's motion to intervene it did so because all claims in that case related to contaminated drinking water in St. Louis had been dismissed on March 14, 2011 (No. 2:06-cv-10961, Ord. adopting R&R to Grant. in part Den. in part Mot. For J. on the Pleadings, ECF No. 239) and because "'intervention would permit Tippin[s] to avoid the three year statute of limitations, which has long since passed on his claim which accrued no later than 2007.'" *Tippins v. Caruso*, No. 14-cv-10956, 2015 WL 5954800, at *3 (E.D. Mich. Oct. 14, 2015) (citing *Rouse*, No. 2:06-cv-10961, Ord. Den. Mot. To Intervene, ECF No. 288, at 4.) The same is true here.

This conclusion comports with the standards applicable to class actions upon which Plaintiff relies. "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe "& Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until certification is denied." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983). Putative class members may then file their own suits or move to intervene in the pending suit. *Id.* In the Sixth Circuit,

---

[1] Plaintiff attempted to intervene in the *Rouse* case on March 19, 2014. No. 2:06-cv-10961, Mot. To Intervene, ECF. No. 285.

"a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005), cited with approval in *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, ___ F.3d ___, 2016 WL 2909333, at *6 (6th Cir. May 19, 2016) (recognizing the Sixth Circuit rule is a minority rule).

Plaintiff's complaints all center around the alleged contaminated drinking water in St. Louis, Michigan. However, those claims were dismissed by the Court in *Rouse* on March 14, 2011. The motion to certify a class in *Rouse* was not filed until March 11, 2013, nearly two years after the Court in *Rouse* dismissed the contaminated drinking water claims for which Plaintiff could have been a putative plaintiff. Since Plaintiff was not a putative plaintiff when the motion to certify class was filed on March 11, 2013, its filing was of no consequence to Plaintiff Tippins.

Here, even assuming, *arguendo*, that the limitation period was tolled during the period of time between the filing of the *Rouse* action on March 3, 2006, through March 14, 2011, when the contaminated water claims were dismissed in *Rouse, supra*, Plaintiff's complaint is still untimely. Plaintiff's complaint was filed in state court on October 23, 2015, more than three years after Plaintiff lost his putative plaintiff status.

Accordingly, I recommend granting Defendants' motions to dismiss based on the fact that Plaintiff's claims were filed outside the applicable statute of limitations and are time-barred. (Docs. 4, 12, 15.) I further recommend denying Plaintiff's motion for discovery of medical records as moot. (Doc. 18.)

## VI. Conclusion

For the reasons above, I recommend **GRANTING** all of the Defendant's motions to dismiss (Docs. 4, 12, 15) and **DENYING** Plaintiff's motion for remand and for discovery of medical records. (Docs. 17, 18.)

## VII. Review

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.

R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 17, 2016                             S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: June 17, 2016                              By s/Kristen Krawczyk
                                                 Case Manager

10