UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

        Plaintiff,

                                      Case No. 16-cv-10140

v

                                      Honorable Thomas L. Ludington

NWI-1 Inc. et al.,                         Magistrate Judge Patricia T. Morris

        Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING MOTION TO AMEND

Plaintiff Johnny Tippins, a prisoner proceeding *pro se*, initiated this action by filing suit against Defendants NWI-1, Inc., LePetomane II, Inc., LePetomane III, Inc., and Velsicol Chemical, LLC in Gratiot County Circuit Court on October 23, 2015. Plaintiff alleges that Defendants are responsible for injuries he suffered as a result of drinking contaminated water while incarcerated in a state prison in St. Louis, Michigan from 2004 to 2007. Because Plaintiff's action did not comply with the relevant statutes of limitations, his complaint was dismissed with prejudice on August 12, 2016. *See* ECF Nos. 30, 31.

On August 26, 2016 Plaintiff Tippins filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Through his motion Plaintiff seeks to amend his complaint in order to assert a claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. Plainitiff alleges that this amendment will remedy the statute of limitations issue. On September 29, 2016 Tippins filed a motion to amend his complaint, seeking to add a claim under CERCLA and restating the

arguments raised in his motion for relief from judgment. *See* ECF No. 34. Both motions will now be denied.

I.

Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). In addition, subsection (b)(6) grants relief if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

A.

Plaintiff Tippins first argues that his failure to previously allege an action under CERCLA was excusable neglect under Rule 60(b)(1). "In determining whether relief is

appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (citations and quotations omitted).

Neither of the first two prongs are at issue. However, Plaintiff cannot show that he holds a meritorious CERCLA claim under the third prong. First, Plaintiff has not established that he has standing to bring an action under CERCLA, which "permits private party property owners to recover from prior private party property owners certain costs associated with the cleanup of contamination caused by the prior owners, where the cleanup costs were 'necessary.'" *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 699-700 (6th Cir. 2006) (citing 42 U.S.C. § 9607). "Necessary" costs are only those that were incurred in response to a threat to human health or the environment, *see* 42 U.S.C. § 9607(a)(4)(B), and "consistent" with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), see 42 U.S.C. § 9607(a). Through his complaint Plaintiff Tippins alleges only personal injury. He does not allege that he incurred any necessary clean-up costs consistent with NCP. He therefore does not have a valid claim under CERCLA, and leave to amend his complaint is not warranted.

Assuming arguendo that Tippins could state a claim under CERCLA, his claim would still fail under the statute of limitations. This was already explained in this Court's previous order dismissing the case as follows:

> Even if CERCLA did apply to the present action, Tippins's claims would still be barred. Based upon his own allegations, Plaintiff knew of the alleged cause of his injuries no later than 2007 when he was diagnosed with Graves' disease. *See also Rouse, et al. v. Caruso, et al.,* Case No. 2:06-cv-10961, ECF No. 288 (E.D. Mich. March 3, 2006) (denying Tippins's motion to intervene in part because the statute of limitations on his claims had accrued "no later than 2007"); *Tippins v. Caruso*, No. 14-CV-10956, 2015 WL 5954800, at *2 (E.D. Mich. Oct. 14, 2015) ("Tippins knew that he suffered an injury no later than 2007."). The fact that Tippins

> allegedly did not know of the specific contaminant at issue until 2014 does not change this fact, especially considering that the City of St. Louis filed a public lawsuit related to the p-CBSA contaminates in 2007, as acknowledged by Tippins in his complaint. *See* Compl. ¶ 6. Because Plaintiff knew of the alleged cause of his injury by 2007, Plaintiff's claims are untimely.

*See* Order, ECF No. 30. Because Plaintiff cannot state a claim under CERCLA, and because even if he could he has not complied with the relevant statute of limitations, his excusable neglect argument is without merit, and his motion to amend will be denied.

**B.**

Plaintiff Tippins also argues that the Court made a mistake of law warranting relief under Rule 60(b) by finding that the statute of limitations began to run on Plaintiff's claims in 2007. Through this argument Tippins merely states his disagreement with the Court's previous order dismissing his case. Rule 60(b) motions "are not intended to give a party unsatisfied with an earlier ruling another chance to reargue issues already considered and decided." *GEICO Indem. Co. v. Crawford*, 36 F. Supp. 3d 735, 739 (E.D. Ky. 2014). Because Tippins has not demonstrated that the Court's findings were clear errors of law, his motion will be denied.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Tippins's motion for relief from judgment, ECF No. 32, is **DENIED.**

It is further **ORDERED** that Plaintiff Tippins's motion for leave to amend, ECF No. 34, is **DENIED**.

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: October 3, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager