UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

                    Plaintiff,

                                                 Case No. 16-cv-10140

v

                                                 Honorable Thomas L. Ludington

NWI-1, INC. et al.,                                Magistrate Judge Patricia T. Morris

                    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Johnny Tippins, a prisoner proceeding *pro se*, initiated this action by filing suit against Defendants NWI-1, Inc., LePetomane II, Inc., LePetomane III, Inc., and Velsicol Chemical, LLC in Gratiot County Circuit Court on October 23, 2015.  Plaintiff alleges that Defendants are responsible for injuries he suffered as a result of drinking contaminated water while incarcerated in a state prison in St. Louis, Michigan from 2004 to 2007.  Because Plaintiff's action did not comply with the relevant statutes of limitations, his complaint was dismissed with prejudice on August 12, 2016. *See* ECF Nos. 30, 31.

On August 26, 2016 Plaintiff Tippins filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) seeking to amend his complaint in order to assert a claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. *See* ECF No. 32.  Because Tippins did not have standing to assert a CERCLA claim, and because even asserting such a claim would not remedy his statute of limitations issues, that motion was denied on October 3, 2016. *See* ECF No. 35.  On October 25, 2016 Tippins filed a motion for reconsideration, again arguing that he should be permitted to amend his complaint to state a claim under CERCLA.

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

Tippins's request for reconsideration does not point out any palpable defect in the Court's previous orders. Instead, it merely restates arguments already raised and rejected by this Court. Thus, for the reasons already stated in the order granting Defendant's motion to dismiss, ECF No. 30, and the order denying Burlingame's motion for relief from judgment, ECF No. 35, Burlingame's motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Plaintiff Tippins's motion for reconsideration, ECF No. 36, is **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 28, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2016.

s/Kelly Winslow
Kelly Winslow, Acting in the absence of
MICHAEL A. SIAN, Case Manager