UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

                Plaintiff,

                                        Case No. 16-cv-10140

v

                                        Honorable Thomas L. Ludington

NWI-1 Inc. et al.,                         Magistrate Judge Patricia T. Morris

                Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Johnny Tippins, a prisoner proceeding *pro se*, initiated this action by filing suit against Defendants NWI-1, Inc., LePetomane II, Inc., LePetomane III, Inc., and Velsicol Chemical, LLC in Gratiot County Circuit Court on October 23, 2015. Plaintiff alleges that Defendants are responsible for injuries he suffered as a result of drinking contaminated water while incarcerated in a state prison in St. Louis, Michigan from 2004 to 2007. Because Plaintiff's action did not comply with the relevant statutes of limitations, his complaint was dismissed with prejudice on August 12, 2016. *See* ECF Nos. 30, 31.

On August 26, 2016 Plaintiff Tippins filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) seeking to amend his complaint in order to assert a claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. *See* ECF No. 32. Because Tippins did not have standing to assert a CERCLA claim, and because even asserting such a claim would not remedy his statute of limitations issues, that motion was denied on October 3, 2016. *See* ECF No. 35. On October 25, 2016 Tippins filed a motion for reconsideration, again arguing that he should be permitted to amend his complaint to state a claim under CERCLA. Tippins's request for reconsideration did

not point out any palpable defect in the Court's previous orders, but merely restated arguments already raised and rejected by this Court. The motion for reconsideration was denied on that basis.

On November 28, 2016, Tippins filed a successive motion for reconsideration. ECF No. 42. The motion was denied in a text only order for the same reasons outlined in the previous order (ECF No. 37). Tippins appealed on November 16, 2016. ECF No. 39. On October 11, 2017, the Sixth Circuit affirmed the judgment. ECF No. 52.

Tippins now brings a second motion for relief from judgment and a motion for oral argument. ECF Nos. 55–56.

**I.**

Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). In addition, subsection (b)(6) grants relief if there are "exceptional and extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A

claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985). A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

## II.

Tippins makes the same argument made in his first motion for relief from judgment (ECF No. 35), namely that he should be permitted to supplement his complaint to state a claim under CERCLA. Rule 60(b) motions "are not intended to give a party unsatisfied with an earlier ruling another chance to reargue issues already considered and decided." *GEICO Indem. Co. v. Crawford*, 36 F. Supp. 3d 735, 739 (E.D. Ky. 2014). Accordingly, Tippins' motion will be denied on the same basis articulated in the Court's previous order (ECF No. 35). Tippins' motion for oral argument will be denied on the same basis.

## III.

Accordingly, it is **ORDERED** that Plaintiff Tippins' motions for relief from judgment and for oral argument, ECF Nos. 55–56, are **DENIED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 3, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager