UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNNY TIPPINS,

        Plaintiff,

        Case No. 16-cv-10140

v

        Honorable Thomas L. Ludington

NWI-1 Inc. et al.,        Magistrate Judge Patricia T. Morris

        Defendants.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND STRIKING LETTER

Plaintiff Johnny Tippins, a prisoner proceeding *pro se*, initiated this action by filing suit against Defendants NWI-1, Inc., LePetomane II, Inc., LePetomane III, Inc., and Velsicol Chemical, LLC in Gratiot County Circuit Court on October 23, 2015. Plaintiff alleges that Defendants are responsible for injuries he suffered as a result of drinking contaminated water while incarcerated in a state prison in St. Louis, Michigan from 2004 to 2007. Because Plaintiff's action did not comply with the relevant statutes of limitations, his complaint was dismissed with prejudice on August 12, 2016. *See* ECF Nos. 30, 31.

On August 26, 2016 Plaintiff Tippins filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) seeking to amend his complaint in order to assert a claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75. *See* ECF No. 32. Because Tippins did not have standing to assert a CERCLA claim, and because even asserting such a claim would not remedy his statute of limitations issues, that motion was denied on October 3, 2016. *See* ECF No. 35. On October 25, 2016 Tippins filed a motion for reconsideration, again arguing that he should be permitted to

amend his complaint to state a claim under CERCLA. Tippins's request for reconsideration did not point out any palpable defect in the Court's previous orders, but merely restated arguments already raised and rejected by this Court. The motion for reconsideration was denied on that basis. ECF No. 37.

On November 28, 2016, Tippins filed a successive motion for reconsideration. ECF No. 42. The motion was denied in a text only order for the same reasons outlined in the previous order (ECF No. 37). Tippins appealed on November 16, 2016. ECF No. 39. On October 11, 2017, the Sixth Circuit affirmed the judgment. ECF No. 52.

Tippins then brought a second motion for relief from judgment and a motion for oral argument. ECF Nos. 55–56. Tippins made the same argument made in his first motion for relief from judgment (ECF No. 35), namely that he should be permitted to supplement his complaint to state a claim under CERCLA. The Court explained that Rule 60(b) motions "are not intended to give a party unsatisfied with an earlier ruling another chance to reargue issues already considered and decided." *GEICO Indem. Co. v. Crawford*, 36 F. Supp. 3d 735, 739 (E.D. Ky. 2014). Accordingly, Tippins' motion was denied on the same basis articulated in the Court's previous order. ECF No. 58. Tippins filed a petition for a writ of certiorari, which was denied on October 2, 2018. ECF Nos. 60-61.

Tippins has now filed a third motion for relief from judgment under rule 60(d)(1). ECF No. 62.

**I.**

Rule 60(d)(1) recognizes that, in limited circumstances, a party may be able to bring an independent action to obtain relief from a judgment. An independent action is distinct from relief under Rule 60, and Rule 60 does not purport to say when an independent action is

permissible. *See* Herring v. U.S., 424 F.3d 384, 389, 68 Fed. R. Evid. Serv. 386 (3d Cir. 2005). Rather, Rule 60 merely makes clear that it does not bar such an action if one is available. *See* Turner v. Pleasant, 663 F.3d 770, 775–76 (5th Cir. 2011). Without attempting to define the contours of the independent action generally, the Supreme Court has stated that, in order to preserve the integrity of the system for granting relief from judgment created by Rule 60, an independent action "should be available only to prevent a grave miscarriage of justice." *U.S. v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 141 L. Ed. 2d 32, 40 Fed. R. Serv. 3d 756 (1998).

**II.**

Much like his previous two motions, Petitioner asks the Court to permit him to supplement his complaint to state a claim under CERCLA. He identifies no grave miscarriage of justice. Accordingly, Tippins' motion will be denied on the same basis articulated in the Court's previous orders (ECF Nos. 35, 58.). Tippins also filed a letter addressed to "counsel of record," which will be stricken. The Court's docket is not the vehicle by which to communicate with opposing counsel. Correspondence should be sent directly to them.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Tippins' motions for relief from judgment, ECF No. 62, is **DENIED.**

It is further **ORDERED** that the letter to opposing counsel, ECF No. 63, is **STRICKEN.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 25, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney by electronic means and to **Johnny Tippins** # 342855, ALGER MAXIMUM CORRECTIONAL FACILITY, N6141 INDUSTRIAL PARK DRIVE, MUNISING, MI 49862 by first class U.S. mail on January 25, 2019.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager